UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA E. JOHNSON,              )<br>          Plaintiff,                              )<br>                                                     )<br>     vs.                                            )<br>                                                     )<br>MADISON COUNTY OFFICE OF INDIANA  )<br>DEPARTMENT OF CHILD SERVICES a/k/a  )<br>INDIANA FAMILY and SOCIAL SERVICES  )<br>ADMIN. a/k/a OFFICE OF FAMILY and      )<br>CHILDREN,                                      )<br>          Defendant.                           ) | 1:05-cv-1879-RLY-WTL |

**ENTRY ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant, Madison County Office of Indiana Department of Child Services ("the Agency"), claims it is entitled to judgment on the pleadings with respect to three of the five counts asserted in Plaintiff, Barbara Johnson's Complaint. Johnson is a former employee of the Agency who has brought suit claiming discrimination based upon age, disability, race, gender and because she exercised her rights under the Family Medical Leave Act ("FMLA"). She also claims the Agency retaliated against her for raising discrimination complaints and because she took FMLA leave.

**Standard of Review**

The same standard of review that applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies to a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Guise v. BMW Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The facts alleged in the

complaint are to be viewed in a light most favorable to the non-moving party, nearly always the plaintiff. *Id*. The court grants a Rule 12(c) motion only when it appears with certainty that the plaintiff cannot prove any set of facts which would support her claim for relief and the moving party shows that no material issues remain to be resolved. *Brunt v. Service Employees International Union,* 284 F.3d 715, 718-19 (7th Cir. 2002).

**Discussion**

As filed, Johnson's Complaint is pled in five counts. Count I alleges Discrimination under the Americans with Disabilities Act ("ADA"). Count II sets forth a claim of discrimination under the Age Discrimination in Employment Act ("ADEA"). A Title VII claim is raised in Count III and a violation of the FMLA in Count IV. Count V asserts retaliation under each of the acts that Plaintiff invoked under the first four counts. Pursuant to a stipulation (Document #16) that was signed and entered of record after the filing of Defendant's Motion for Partial Judgment on the Pleadings (Document #13), Count I has been dismissed with prejudice, any claim for monetary damages under Count II has been dismissed, as has any claim of ADA retaliation under Count V. Johnson has also dropped her claim for punitive damages. Consequently, the motion at hand remains in dispute only with respect to Johnson's claim for injunctive relief under the ADEA (Count II) and her claims made pursuant to the FMLA (Counts IV & V).

The Agency claims that Eleventh Amendment immunity applies to any claim made against the State under the ADEA. Johnson admits that the Supreme Court foreclosed claims for monetary damage under the ADEA against the State in *Kimmel v. Florida Board of Regents,* 528 U.S. 62 (2000), but contends that injunctive relief is not barred. She asserts that there is precedent for allowing injunctive relief to be pursued despite the proscription against monetary relief. The court finds no merit in Johnson's argument.

There is no question that *Kimmel* stands as a bar to pursuing money damages under the ADEA against a state. The question begged by Johnson's argument is whether the Supreme Court intended to distinguish the application of Eleventh Amendment immunity based upon the remedy sought - money damages versus equitable remedies. This court thinks not. As pointed out by the Agency, the Supreme Court stated in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." Accordingly, there is no reason to believe that there was any intent in *Kimmel* to save suits in equity. Johnson's reliance on *Kashini v. Purdue University*, 813 F.2d 843 (7th Cir. 1987) is misplaced both because it predates *Kimmel* and because it allowed a claim for injunctive relief to move forward against university officials in their official capacity under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), which has no application here.

Johnson's argument with respect to the viability of her claims under the FMLA had a stronger underpinning, because the Court of Appeals for the Seventh Circuit had yet to opine on the issue, until after the briefing of this motion, and one of our sister districts had issued an opinion which was consistent with the position she urges. *See Toeller v. State of Wisconsin Dept. Of Corrections*, 390 F.Supp.2d 792 (E.D. Wis. 2005). However, the Seventh Circuit's decision on appeal in that case has vitiated Johnson's argument. *Toeller v. Wisconsin Dept. Of Corrections*, --- F.3d ----, 2006 WL 2456813 (7th Cir. August 25, 2006).

In *Nevada Dept. Of Human Resources v. Hibbs*, 538 U.S. 721 (2003) the Supreme Court ruled that an individual may sue a State for money damages in federal court for violation of the FMLA provision which allows an employee up to twelve weeks of unpaid leave "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The Agency argues that *Hibbs* should not be applied to a situation where a State employee takes leave for purposes of attending to the employee's own medical condition. Under those circumstances, the Agency argues that a State's sovereign immunity still applies.

In the case at bar, Johnson took FMLA leave pursuant to the Act's provisions allowing an employee to take up to twelve weeks of unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position

of such employee." 29 U.S.C. § 2612(a)(1)(D). In her complaint she alleges that she was terminated because she exercised her right to take leave under the FMLA. The Agency argues that the Supreme Court did not intend for *Hibbs* to apply to such a situation. It maintains that the Court's analysis in *Hibbs* focused on the validity of Congress' abrogation of Eleventh Amendment immunity with respect to the "family-care" provisions of the FMLA, as opposed to the Act's "self-care" provisions, found in a separate provision of the Act. The Seventh Circuit has now joined the Sixth and Tenth Circuits (*See Touvell v. Ohio Dept. of Mental Retardation and Development Disabilities*, 422 F.3d 392 (6th Cir. 2005); *Brockman v. Wyoming Dept. of Family Services*, 342 F.3d 1159 (10th Cir. 2003)) in interpreting *Hibbs* as a decision limited to the issue of States' immunity abrogation with respect to the "family-care" provisions of the FMLA, consistent with the interpretation advanced by the Agency. *Toeller,* 2006 WL 2456813 at *6-7. Because the Seventh Circuit has found that States' immunity is not abrogated with respect to the "self-care" provisions, the Agency's motion has merit with respect to this count as well.

## Conclusion

Defendant's Motion for Partial Judgment on the Pleadings (Document #13) is **GRANTED**. Judgment on the pleadings is granted with respect to the entirety of Counts II and IV of Plaintiff's Complaint, which sets forth her claim under the ADEA and FMLA. Pursuant to a previous stipulation of dismissal and this entry, the case shall move forward on Counts III and V only.

IT IS SO ORDERED this 27th day of September 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kevin W. Betz
BETZ & ASSOCIATES
kbetz@kbetzlaw.com

Cynthia B. De Nardi
INDIANA STATE ATTORNEY GENERAL
cynthia.denardi@atg.in.gov

Elizabeth Ann Mallov
BETZ & ASSOCIATES
emallov@betzadvocates.com

Juliana B. Pierce
INDIANA STATE ATTORNEY GENERAL
Julie.Pierce@atg.in.gov